**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ARCH SPECIALTY INSURANCE COMPANY,

                                Plaintiff,                    **REPORT AND**
                                                          **RECOMMENDATION**
                   -against-                    CV 23-8146 (NJC) (ARL)

LYTER GROUP, INC.,

                              Defendant.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       The plaintiff, Arch Specialty Insurance Company ("Arch"), commenced this action on November 1, 2023, against the defendant, Lyter Group, Inc. ("Lyter"), asserting claims for breach of contract, unjust enrichment and accounts stated.  On March 4, 2024, Arch moved for a default judgment.  That motion was referred to the undersigned by District Judge Choudhury.  On October 15, 2024, the undersigned issued a report recommending that the motion be denied with leave to renew given the plaintiff's failure to provide documentary evidence of its demand for payment.  On November 1, 2024, District Judge Choudhury adopted the report in its entirety and denied the motion.  On December 10, 2024, Arch renewed its motion for a default judgment, which was also referred to the undersigned.  For the reasons set forth below, the undersigned must, once again, recommend that the motion be denied with leave to withdraw.

       Local Civil Rule 55.2 provides, in pertinent part, that "any party seeking a default judgment must file" "a certificate of service stating that all documents in support of the request for default judgment, including the "Clerk's Certificate of Default" and any papers required by this rule, have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought." Although Fed. R. Civ. P 55(b)(2) only requires notice of the motion on a party that has appeared personally or by representation, the Pre-2024 Committee noted that "experience has shown that mailing notice of such an application is conducive to both fairness and efficiency."  There is no indication in the papers submitted to the Court by Arch that the renewed motion has been served on Lyter.  Accordingly, the undersigned recommends that the instant motion be denied with leave to renew along with proof that all documents in support of the request for default judgment, including the Clerk's Certificate of Default and any papers required by the rule, have been personally served on, or mailed to the last known business address of Lyter.

## OBJECTIONS

       A copy of this Report and Recommendation is being electronically filed on the date below.  Counsel for the plaintiff shall serve a copy of this Report and Recommendation on the defendant upon receipt and shall file proof of service with the Court.  Any objections to this

Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
      May 2, 2025

                                     _____/s/_____
                                       ARLENE R. LINDSAY
                                       United States Magistrate Judge