**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Arch Specialty Insurance Company,<br><br>                               Plaintiff,<br><br>       -v-<br><br>Lyter Group, Inc.,<br><br>                               Defendant. | 2:23-cv-8146<br>(NJC) (ARL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On November 1, 2023, Plaintiff Arch Specialty Insurance Company ("Arch"), commenced this action against Defendant Lyter Group, Inc., asserting claims for breach of contract, unjust enrichment, and accounts stated. (Compl., ECF No. 1.) The Clerk of Court entered default against Lyter Group, Inc. ("Lyter") on January 2, 2024. (ECF No. 12.) Thereafter, on March 4, 2024, Arch moved for default judgment, which the Court denied with leave to renew on November 1, 2024, because Arch had failed to provide documentary evidence of its demand for payment. (ECF Nos. 16, 17.) Arch renewed its motion on December 10, 2024, and Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation recommending that the renewed motion be denied because Arch had failed to file proof that it had served Lyter with the motion or any supporting documents. (ECF No. 20.)

Before the Court ruled on the Report and Recommendation, Arch filed the Motion for Default Judgment now before the Court, seeking relief in the form of: (1) $76,185 in damages on its breach of contract claim for an unpaid premium on an in insurance policy between Arch and Lyter; (2) $2,872.17 in damages on its breach of contract claim for unpaid New York state taxes and fees on the premium; (3) prejudgment interest on the unpaid premium calculated from July

30, 2020 at 9% annually; (3) $573.70 in costs; and (4) attorney's fees. (Mot. Default Judgment ("Mot.") at 11–12, ECF No. 21.) This Court referred the Motion to Magistrate Judge Arlene R. Lindsay. (Elec. Order, May, 27, 2025.)

On February 17, 2026, Judge Lindsay issued a Report and Recommendation (the "R&R") recommending that the Court grant in part and deny in part Arch's Motion for Default Judgment. Specifically, the R&R recommends that the Court grant the Motion with respect to Arch's breach of contract claim for the unpaid premium and award Arch damages, fees, and costs as follows: (1) $76,185.00 in damages for the unpaid premium; (2) $573.70 in litigation costs[1]; and (3) prejudgment interest calculated at a rate of 9% per year on the $76,185.00 premium from July 30, 2020 through the date of this Order. (R&R at 8–9, ECF No. 23.) The R&R recommends that the Court deny the Motion as to: (1) Arch's breach of contract claim for New York state taxes and fees on the unpaid premium; and (2) the accounts stated and unjust enrichment claims, to the extent the Motion seeks default judgment on those claims, because Arch abandoned them. (R&R at 8, 10.) The Motion does not make a request for any specific attorney's fees, and the R&R does not make any recommendations with respect to the request for attorney's fees. (*See* R&R; Mot. at 1, 12.)

A copy of the R&R was provided to Arch's counsel via ECF on February 17, 2026, (ECF No. 23), and Arch's counsel filed a certificate of service the following day affirming that the R&R was served on Lyter on February 17, 2026 by "sealed post-paid wrapper, in an official

---

[1] Although the R&R initially "recommends" that the Court "award[] . . . costs of litigation in the amount of $573.70" (R&R at 1–2), when analyzing Arch's Motion, the R&R makes a typographical error and recommends the Court award $400.00 for the filing fee and $173.31 for the service of process fee, for a total of $573.31 (*id.* at 9–10). However, a declaration and invoice submitted by Arch both reflect that the service of process fee was $173.70 (ECF Nos. 21-1 ¶ 17, 21-6), which along with the $400.00 filing fee corresponds to the R&R's initial recommendation that the Court award $573.70 in litigation costs. As a result, $573.70 is the correct figure for the requested litigation costs.

depository under the exclusive care and custody of the U.S. Postal Service" addressed to Lyter's known address. (ECF No. 24.) The R&R instructed that any objections to the R&R were required to be submitted in writing to the Clerk of Court within fourteen (14) days of service of the R&R. (R&R at 10.) Consequently, the deadline to object to the R&R was March 6, 2026. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service); Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); *see also Murphy v. Murphy*, No. 20-cv-02388, 2023 WL 2795977, at *1 (E.D.N.Y. Apr. 5, 2023) (setting out these same rules for calculating the deadline to object to an R&R). The date for filing any objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Because no party has timely filed objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R de novo out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R's recommendation that Arch's Motion for Default Judgment be granted in part and denied in part and its recommendations as to the damages and costs to be awarded to Arch, with the modification that prejudgment interest runs through the date that judgment is entered rather than the date of this Order.

3

With that modification, prejudgment interest is calculated by multiplying the unpaid premium ($76,185.00) by the annual interest rate (9%), dividing the resulting figure by 365 days to calculate the daily interest rate (~$18.79), and multiplying the daily interest rate by the number of days past the premium due date. *See Arch Specialty Ins. Co. v. B & V Constr. Inc.*, No. 23-cv-2429, 2024 WL 1739862, at *8 (E.D.N.Y. Apr. 23, 2024) (calculating prejudgment interest under N.Y. C.P.L.R. § 5001(a)–(b) in this manner). Because, 2,060 days have passed since July 30, 2020, $38,697.81 in prejudgment interest has accrued as of the date of this Order, and an additional $18.79 per day will accrue from March 21, 2026 through the date on which judgment is entered.

Accordingly, Arch's Motion for Default Judgment (ECF No. 21) is granted with respect to its breach of contract claim for the unpaid premium and is denied with respect to all other claims, as set forth in the R&R. The Court therefore awards Arch the following relief:

(1) $76,185.00 in damages for the unpaid premium;

(2) $573.70 in litigation costs; and

(3) $38,697.81 in prejudgment interest plus an additional $18.79 per day from March 21, 2026 through the date that judgment is entered.

Arch may file an application for attorney's fees by April 2, 2026.

Dated: Central Islip, New York
       March 21, 2026

  */s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ARCH SPECIALTY INSURANCE COMPANY,

                        Plaintiff,                           **REPORT AND**
                                             **RECOMMENDATION**
               -against-                        CV 23-8146 (NJC) (ARL)

LYTER GROUP, INC.,

                        Defendant.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      The plaintiff, Arch Specialty Insurance Company ("Arch"), commenced this action on November 1, 2023, against the defendant, Lyter Group, Inc. ("Lyter"), asserting claims for breach of contract, unjust enrichment and accounts stated. ECF No. 1. On March 4, 2024, Arch moved for a default judgment. ECF No. 14. The motion was referred to the undersigned by District Judge Choudhury. On October 15, 2024, the undersigned issued a report recommending that the motion be denied with leave to renew due to the plaintiff's failure to provide documentary evidence of its demand for payment. ECF No. 16. On November 1, 2024, District Judge Choudhury adopted the report in its entirety and denied the motion. On December 10, 2024, Arch renewed its motion for a default judgment, which was also referred to the undersigned. ECF No. 19. On May 2, 2025, the undersigned issued a second report, once again, recommending that the motion be denied because Arch had failed to file proof that it had served Lyter with the motion or any documents in support of the request for default judgment. ECF No. 20. Before District Judge Choudhury had acted on the second report, Arch filed a third motion for a default judgment. ECF No. 21. By order dated May 27, 2025, that motion was also referred to the undersigned. For the reasons set forth below, the undersigned respectfully recommends that the plaintiff's motion for a default judgment be granted awarding Arch the

principal amount of $76,185.00, plus the costs of litigation in the amount of $573.70, and prejudgment interest at a statutory rate of 9%.

## BACKGROUND

### A.      Factual Background

The following facts are taken from the complaint as well as the plaintiff's renewed motion for a default judgment and the exhibits attached to that motion.  Arch is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.  Compl. ¶ 1; Vilenchik Decl. ¶ 3.  Lyter is a corporation organized under the laws of the State of New York with a principal place of business at 100 Motor Parkway, Suite 107, Hauppauge, New York 11788.  Compl. ¶ 2; Vilenchik Decl. ¶ 4.

On October 18, 2018, Lyter applied for a commercial general liability insurance policy, through its broker, Nicholas Aligizakis ("Aligizakis") of Collinsville Insurance Agency, LLC. Steer Decl. ¶ 5.  Arch issued a Commercial General Liability Insurance Policy to Lyter effective November 16, 2018 to November 16, 2019 ("the Policy").  *Id.,* Ex. B.  Pursuant to the Policy's terms, the initial premium of $34,453.00 was based on information submitted by Lyter and/or its insurance agent/broker on Lyter's behalf regarding Lyter's estimated exposure during the effective dates of coverage.  Steer Decl. ¶ 10, Ex. B.  Because the initial premium was based on estimated information, the Policy was subject to an audit to determine the actual exposure during the effective dates of coverage.  Steer Decl. ¶ 11.  Specifically, the Policy includes an "Annual Minimum and Deposit Premium Endorsement" that modifies the common policy conditions as follows:

2

> The premium designated in this Policy as "advance premium" is a minimum and deposit premium, which shall be credited to the amount of the earned premium due at the end of the policy period.
>
> At the close of each period . . . designated in the Declarations as the audit period, the earned premium including any premium adjustments . . . shall be computed for such period and upon notice therefor to the Named Insured, shall become due and payable.

Steer Decl. Ex. B. The Commercial General Liability Coverage Form, also annexed to the Policy, further provides:

> 5. Premium Audit
>
> a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.
>
> b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

*Id.*

On January 8, 2020, a representative of Arch conducted an audit for the period between December 1, 2018 and December 1, 2019.[1] *Id.* Ex. C. The auditor determined that an additional premium of $76,185.00 was owed by Lyter to Arch. *Id.* ¶ 14. Following the completion of the audit, Lyter's assigned representative and accountant, Raymond Stankey, CPA, signed an acknowledgement certifying his participation in the audit process. *Id.* ¶ 15. Thereafter, an audit endorsement was generated for the Policy, which reflected the Additional Premium owed. *Id.* ¶ 16. The audit endorsement was allegedly mailed to Lyter and Aligizakis on June 1, 2020, setting forth a due date of July 30, 2020. *Id.* ¶ 17. Following the mailing of the audit endorsement,

---

[1] The audit period differs slightly from the policy period reflected as November 16, 2018 to November 16, 2019. *See infra*.

3

Arch and Aligizakis engaged in discussions via email to discuss a potential payment plan. *Id*. Ex. E.  In addition, on August 5, 2023, Arch's counsel sent a letter to Lyter demanding payment of $79,057.17.  Vilenchik Decl. Ex. B.

Arch  alleges that  Lyter is also obligated to pay a New York State Surplus Lines Tax and a New York State Stamping Fee equal to 3.6% and 0.18% of the Additional Premium, respectively ("New York State Taxes and Fees").  Steer Decl. ¶ 14.  To this end, Arch claims that the total New York State Taxes and Fees amounts to $2,872.17.  *Id.*  According to Arch, Lyter has refused to remit the payment of the Additional Premium and New York State Taxes and Fees.  *Id.* ¶¶ 20,21.

### B.  Procedural Background

As indicated above, Arch filed the complaint in this action on November 1, 2023. ECF No. 1.  The summons and complaint were served on Lyter by service on the New York State Department of State on November 6, 2023.  ECF No. 9.  On December 21, 2023, Arch filed a request for a certificate of default with the Clerk of the Court.[2]  ECF No. 10.  On January 2, 2024, the Clerk of the Court certified that Lyter had failed to answer or otherwise move with respect to the complaint.  ECF No. 12.  On May 13, 2025, Arch filed the instant motion for a default judgment, along with proof of service of the motion and supporting papers on Lyter. ECF No. 21.  Despite being served with a copy of the motion by regular mail, to date, Lyter has not opposed the motion for default judgment or responded in any way.

### DISCUSSION

### A.  Legal Standards Governing Default Judgments

---

[2] Prior to the filing of the motion, the case had been referred to Court Annexed Arbitration Program pursuant to Local Civil Rule 83.7(d).  ECF No. 8.

4

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

**B.     Breach of Contract Claim**

**1.     Liability**

A breach of contract action is generally pleaded by stating "(1) the terms of the contract, (2) the performance by the plaintiff of [its] obligations, (3) the breach by the defendant, (4)

5

damages, and (5) consideration." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *accord Kausal v. Educ. Prods. Info. Exchange Institute*, 105 A.D.3d 909, 910, 964 N.Y.S.2d 550 (2d Dep't 2013).[3]  Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citing *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 384 (2d Cir. 2006)).

In this matter, Arch and Lyter entered into an insurance agreement in which Arch agreed to, and did, provide coverage in exchange for the payment of a premium.  Steer Decl. ¶¶ 6, 9. Pursuant to the Policy, the parties agreed that Lyter's initial premium was based on an estimate and that an audit could result in the imposition of additional premiums.  *Id.* ¶¶ 10-11.  In January 2020, Arch conducted an audit and determined that Lyter owed an additional premium amounting to $76,185.00.  *Id.* ¶ 14, Ex. C.  Pursuant to the terms of the policy, upon notice to Lyter, the additional premiums became due and payable.  *Id.* Ex. B.  Specifically, the policy provided:

> At the close of each audit period we will compute the earned premium for that period **and send notice to the first Named Insured**. The due date for audit and retrospective premiums is the date shown as the due date on the bill.

*Id.* (emphasis added). The policy's "Common Policy Conditions," as amended by endorsement Form No. 00 ML0219 00 02 13, further provides:

> At the close of each period (or part thereof terminating with the end of the policy period) designated in the Declarations as the audit period, the earned premium including any premium adjustments made by endorsement to this policy during the policy period shall be computed for such period and **upon notice thereof to the Named Insured, shall become due and payable**.

---

[3] The Court notes that the plaintiff cites to New York law.  The Policy does not contain a choice-of-law provision but  Lyter is a New York corporation with a principal place of business in New York.  "[I]n a default judgment context, where the moving party relies on New York law and no party has challenged its application, the court should rely on New York law." *Arch Specialty Ins. Co. v. B & V Constr. Inc.,* No. 23-CV-2429 (NGG) (LGD), 2024 WL 1739862, at *4 (E.D.N.Y. Apr. 23, 2024).

*Id.* (emphasis added).

As indicated in the undersigned's previous report, Arch alleged in the complaint that it "billed and/or issued demands for payment for the outstanding amount to Lyter in a timely fashion." Compl. ¶ 13.  However, Arch failed to provide the Court with a copy of that bill/demand for payment when it first moved for a default judgment.  Notably, Arch is still unable to produce a copy of that demand but, in support of the resubmitted motion, Raymond Steer, Jr., a Vice President of Arch Insurance Group Inc., now attests that following the completion of the audit, Lyter's assigned representative and accountant, Raymond Stankey, signed an acknowledgement certifying his participation in the audit process on January 9, 2020.  Steer Decl. Ex. B.  Steer also attests that an audit endorsement was generated for the Policy, which reflected the Additional Premium owed.  *Id.* ¶ 16; Ex. D.  Finally, Steer avers that the audit endorsement was mailed to Lyter and Aligizakis on June 1, 2020, setting forth a due date of July 30, 2020.[4]  *Id.* ¶ 17.  Although the undersigned would have preferred to see documentary evidence of the demand setting forth the due date, the undersigned will accept Steer's unrefuted declaration as evidence of the demand.  Therefore, the Court finds that Arch has established a breach of contract claim for the Additional Premium.

Arch has not, however, established a breach of contract claim for New York Taxes and Fees.  Arch alleges in the complaint that Lyter was obligated to pay a New York State Surplus Lines Tax and a New York State Stamping Fee equal to 3.6% and 0.18% of the Additional Premium,  *See* Compl. ¶ 14.  According to Arch's calculations, these taxes and fees equal $2,883.57 in total.  But nothing in the policy or the additional evidence submitted by Arch

---

[4] Arch's counsel also asserts that prior to commencing the instant litigation, he demanded payment of the Additional Premium . . . owed by Lyter and attempted to collect the same without success.  Vilenchik Decl. ¶ 9, Ex. B.

7

supports that claim.  In fact, several courts in this district have examined Arch's entitlement to these taxes and fees and have rejected similar claims.  *See e.g. Arch Specialty Ins. Co. v. B & V Constr. Inc.*, No. 23-CV-2429 (NGG) (LGD), 2024 WL 1739862, at *5 (E.D.N.Y. Apr. 23, 2024) (citing *Arch Specialty Ins. Co. v. M. Lopez Contracting Corp.*, No. 19-CV-7024, 2021 WL 7830147, at *4 (E.D.N.Y. Mar. 10, 2021) ("While the Complaint and Pellitteri Declaration both state that Defendant was 'obligated to pay' the NYS Taxes and Fees, there is no allegation that the Policy required Defendant to pay those fees to Plaintiff.  Nothing in the Policy or the papers submitted by Plaintiff indicates an obligation by Defendant to pay the NYS Taxes and Fees to Plaintiff, whether to compensate Plaintiff for paying its taxes, or otherwise.")); *Arch Specialty Ins. Co. v. Better Energy Serv. Inc.*, No. 20 CV 6255 LDH CLP, 2022 WL 5434218, at *6 (E.D.N.Y. Aug. 26, 2022), report and recommendation adopted as modified, No. 20 CV 6255 LDH CLP, 2022 WL 4551379 (E.D.N.Y. Sept. 29, 2022 (plaintiff failed to cite the New York statutes providing for these taxes and fees, and provided no authority under which plaintiff, as the insurer, would be "obligated" to pay such taxes and fees)(collecting cases).  Accordingly, the undersigned respectfully recommends that Arch's motion as to the breach of contract claim for the New York State Taxes and Fees be denied.

### 2.    Damages

Arch has provided sufficient evidence to support its claim for damages with respect to the Additional Premium.  *See* Steer Decl. Ex. C, D.  Specifically, the audit conducted on January 8, 2020, determined that an additional premium of $76,185.00 was owed by Lyter to Arch.  *Id.* Following the completion of the audit, Arch prepared an audit endorsement reflecting the Additional Premium owed and mailed the endorsement to Lyter and its broker.  Accordingly, the undersigned respectfully recommends that Arch be awarded $76,185.00 in damages for the

unpaid additional premium, which is the amount of money that it would have received under the contract had it been performed.  *See Merrill Lynch & Co.,* 500 F.3d at 185.

In addition, Arch seeks to recover prejudgment interest calculated from July 30, 2020, the date it claims payment was due.  "Under New York law, "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . computed from the earliest ascertainable date the cause of action existed." *Arch Specialty Ins. Co. v. B & V Constr. Inc.*, 2024 WL 1739862, at *7 (citing N.Y. C.P.L.R. § 5001(a)-(b)).  Courts award prejudgment interest in breach of contract cases from the date of the contract breach.  *Id.*  (citing *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-CV-501, 2016 WL 1255726, at *7 (E.D.N.Y. Mar. 28, 2016)).  "The statutory rate is nine percent per year. See N.Y. C.P.L.R. § 5004.  *Id.*  Steer attests that the audit endorsement was mailed to Lyter and Aligizakis on June 1, 2020, setting forth a due date of July 30, 2020.  Steer Decl. ¶ 17.  As such, "the earliest date of [the] breach is . . . the date the Additional Premium became due." *Arch Specialty Ins. Co.*, 2022 WL 5434218, at *8.  Accordingly, the undersigned also respectfully recommends that Arch be awarded prejudgment interest calculated at a rate of nine percent per annum on the total recommended amount of $76,185.00, beginning July 30, 2020, until the date of the District Court's Order adopting this Report and Recommendation.

Finally, Arch also seeks to recover its litigation costs, specifically, the filing fee of $400.00 and the service of process fee of $173.31.  Vilenchik Decl. ¶ 17.  Federal Rule of Civil Procedure 54(d) provides an award of costs to the prevailing party.  Filing fees and costs for service are appropriately reimbursable as litigation costs.  *See Arch Specialty Ins. Co. v. B & V Constr. Inc.,* 2024 WL 1739862, at *6 (citing *Master Grp. Glob. Co., Ltd. v. Toner.Com Inc.*, No. 19-CV-6648, 2020 WL 5260581, at *15 (E.D.N.Y. Aug. 10, 2020), report and

9

recommendation adopted, No. 19-CV-6648, 2020 WL 5259057 (E.D.N.Y. Sept. 3, 2020) (awarding costs related to the filing fee and for service of process).  Arch's filing fee is verified by the docket sheet and it has provided documentation evidencing the fees paid for service of process.  Vilenchik Decl. Ex. E.  Therefore, the undersigned recommends that Arch be awarded $573.31 in litigation costs.

### C.    Accounts Stated and Unjust Enrichment

Arch contends it is "separately and independently" entitled to a default judgment on its third count for accounts stated.  The Court disagrees.  "'[A] defendant cannot be found liable on both an account stated claim ... and a breach of contract claim . . . in connection with the same allegations of a failure to pay monies owed.'" Arch Specialty Ins. Co., 2022 WL 5434218, at *4 (citing *Arch Specialty Ins. Co. v. Kajavi Corp.*, 2019 WL 3719461, at *3 (citations and quotations omitted)).  In addition, Arch appears to have abandoned the unjust enrichment claim. Accordingly, the undersigned recommends that Arch's motion be denied to the extent it is seeking a default judgment on the accounts stated or unjust enrichment claims.

### OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below.  Counsel for the plaintiff shall serve a copy of this Report and Recommendation on the defendant upon receipt and shall file proof of service with the Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60

10

(2d Cir. 1996).

Dated:  Central Islip, New York
        February 17, 2026                              _____/s/_____
                                                       ARLENE R. LINDSAY
                                                       United States Magistrate Judge